# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY LIPSCOMB,          ) | ) |
| Petitioner,               ) | ) |
| v.                        ) | Civil Action No. |
|                           ) | 16-12069-FDS |
| THE BUREAU OF PRISONS, et al., ) | ) |
| Respondents.              ) | ) |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On October 6, 2018, petitioner Anthony Lipscomb, a prisoner in custody at FMC Devens and a frequent filer in the federal courts, submitted a self-prepared petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks an order from this Court to the Federal Bureau of Prisons and to Jeffrey Grondolsky, the Warden of FMC Devens, to (1) authorize repairs of the prison water system; (2) disclose the contaminants in the water; and (3) distribute fresh bottled water that has been filtered and that has nutritional facts on the labels.

## I.     Background

Lipscomb alleges that while housed in the Special Housing Unit ("SHU") at FMC Devens from October to December 2015, he noticed brown water frequently coming out from the faucet. He filed a grievance, to no avail. Upon his release from the SHU in January 2016, he continued to experience the same brown water flowing from the cell faucet, toilet, and shower stalls. He re-filed his grievance, seeking periodic information about the contaminants in the water, and seeking fresh bottled water until the problem had been addressed. Warden Grondolsky advised him that the discoloration would discontinue once the municipal water company completed its flushing of the prison's water lines.

Attached to the petition was Warden Grondolsky's "Response for Administrative Remedy #862498-F1" (Docket No. 1-1 at 5), dated May 25, 2016, concerning the investigation

of Lipscomb's request.  Warden Grondolsky acknowledged that there was a problem with the water system due to water pressure and leaks, which led to sediment in the water, causing it to appear bronze.  He advised that the municipal water company had been contacted to address the spikes in water pressure.  The water company planned to start flushing the prison's water lines in May 2016, and that process would remove any sediment still present.  The water company had assured FMC Devens that the water is safe for use and consumption.  *Id.*  In light of that information, Lipscomb's requests for relief was denied.

Lipscomb did not pay the filing fee for this action, nor did he seek a waiver of the fees.

## II. Discussion

### A. Review of the Habeas Petition

Although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions.  *See* Rule 1(b) of the Rules Governing Section 2254 Proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  *Marmol v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994); *see Eady v. Director, Charleston County Detention Center*, 2011 WL 3704225, *3 (D.S.C. 2011) *citing Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that district courts have a duty to screen habeas petitions and eliminate

burden on respondents caused by ordering an unnecessary answer or return).

### B. Failure to State Cognizable Habeas Claims

The habeas petition here must be denied because the condition of the water supply to FMC Devens is not the proper subject of a petition for a writ of habeas corpus. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement.") *accord Croooker v. Grondolsky,* 2012 WL 5416422 (D. Mass. 2012) (dismissing § 2241 habeas petition by three-strikes prisoner alleging inadequate medical care), *aff'd,* No. 12-2391 (1st Cir. 2013)*; Kane v. Winn*, 319 F. Supp. 2d 162, 213 (D. Mass. 2004) (challenge to adequacy of prison medical care could not proceed as a § 2241 petition but was the proper subject of a *Bivens* civil rights lawsuit).

Here, Lipscomb does not suggest that the contamination and discoloration of the prison water affects the duration of his confinement in any way. In the absence of any allegation that the success on his petition would "necessarily spell speedier release," Lipscomb's claim falls outside the scope of this Court's habeas jurisdiction. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).[1]

Accordingly, Lipscomb's petition for writ of habeas corpus will be denied and this action

---

[1] The characterization of an action as a habeas petition as opposed to a standard civil action is important because there are substantial differences between the two. Among other things, the filing fee for habeas petitions is $5; the filing fee for civil actions is $350 with a $50 administrative fee. In addition, the court has authority to appoint counsel for a petitioner, with payment of fees through the Criminal Justice Act. That authority does not exist in non-habeas civil actions. Further, there is no right to a jury trial or monetary relief in habeas actions; whereas claims for a jury trial or monetary relief are permitted in certain civil actions. Finally, certain provisions of the Prison Litigation Reform Act do not apply in habeas cases. *See, e.g.*, 28 U.S.C. § 1915(g) (the three-strikes rule).

will be dismissed.[2]

### III. Conclusion

Based on the foregoing, it is hereby ordered as follows:

1. The petition for a writ of habeas corpus is DENIED; and

2. This action is DISMISSED;

**So Ordered.**

Dated: November 3, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

[2] In view of the dismissal, the Court need not address the failure of Lipscomb to pay the filing fee for this action or seek a waiver.